■ JODIE M. UMANSKY, Respondent, v MASTERPIECE INTERNATIONAL LIMITED et al., Appellants. [714 NYS2d 735] —In an action, *inter alia*, to recover damages for discrimination on the basis of disability in violation of Executive Law § 296 and the Administrative Code of the City of New York § 8-107, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 26, 1999, as denied those branches of their motion which were for summary judgment dismissing the first and second causes of action to recover damages for wrongful termination of employment. The appeal brings up for review so much of an order of the same court dated September 22, 1999, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated May 26, 1999, is dismissed, as that order was superseded by the order dated September 22, 1999, made upon reargument; and it is further,

Ordered that the order dated September 22, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff was a receptionist and clerical worker who was discharged from her job by the defendants after it was discovered that she had bilateral ulnar nerve entrapment, a condition similar to carpal tunnel syndrome. The plaintiff alleges, *inter alia*, that her termination was in violation of the New York State and New York City Human Rights Laws. The defendants contend that plaintiff was fired solely because of her poor job performance.

The Supreme Court correctly concluded that the defendants did not meet their burden of demonstrating entitlement to judgment as a matter of law on the first and second causes of action in the complaint (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). It is an unlawful discriminatory practice for an employer to discharge an employee because of the employee's disability (*see,* Executive Law § 296 [1] [a]). In the context of a wrongful termination lawsuit, the term "disability" is "limited to disabilities which * * * do not prevent the complainant from performing in a reasonable manner the activities involved in the job" (Executive Law § 292 [21]; *see also,* Administrative Code § 8-102 [16]). As noted by the Supreme Court, "a material question of fact exists as to whether the plaintiff's disability prevented her from performing her job in a reasonable manner and/or whether her termination was motivated by a legitimate non-discriminatory reason" (*see, Ferrante v American Lung Assn.,* 90 NY2d 623; *Matter of McEniry v Landi,* 84 NY2d 554). Accordingly, those branches of motion which were for summary judgment dismissing the first and second causes of action were properly denied. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.