Pierre BAZILE, Plaintiff–Appellant,

v.

The CITY OF NEW YORK, Rudolph Giuliani, Mayor, the New York City Police Department, Howard Safir, Commissioner, Patrick Kelleher, 1st Deputy Commissioner, Rae Koshetz, Deputy Commissioner, Kevin Lubin, Assistant Deputy Commissioner, Louis Anemone, Chief of Department, Douglas Ziegler, Chief, John Doe Tuller, Chief, Charles Campisi, Deputy Chief, John P. Beirne, Deputy Chief, Joyce Stephen, Deputy Inspector, Charles Doonan, Deputy Inspector, James McLoone, Captain, Victor Werbkay, Captain, Stephen Donnelley, Captain, Jeffrey Behrens, Captain, Charles Fries, Captain, William Morris, Captain, Thomas Barry, Lieutenant, Dennis O'Brien, Sergeant, Patrick Reilly, Sergeant, Maureen Godfrey, Police Officer, Dr. Linda Intranovo, Dr. Helliouse Archibald, and Housing Authority, City of New York, Defendants–Appellees.

Docket No. 02–7868.

United States Court of Appeals, Second Circuit.

May 1, 2003.

Jonathan C. Moore, New York, New York, for Appellant.

Cheryl Payer, Assistant Corporation Counsel, New York, New York (Michael A. Cardozo, Corporation Counsel, and Stephen J. McGrath, Assistant Corporation Counsel, on brief), for Appellees.

PRESENT: KEARSE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse,

Foley Square, in the City of New York, on the 1st day of May, two thousand three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Pierre Bazile appeals from an order entered in the United States District Court for the Southern District of New York (Marrero, *J.*) on July 8, 2002, granting summary judgment to the defendants and dismissing all of his claims. Bazile is a uniformed member of the New York City Police Department ("NYPD"). On May 11, 1997, while off duty and working as a private security guard, Bazile discharged his firearm eleven times at a pit bull that approached him in the lobby of an apartment building. In February 1999, Bazile sued under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983, alleging that he suffered retaliation, a hostile work environment, and discrimination on the basis of his race and national origin in the investigatory and disciplinary proceedings that followed the incident. On appeal, he challenges the dismissal of these claims and the court's decision to exclude expert testimony.

We review the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

We affirm for substantially the reasons stated in the district court's decision and the magistrate judge's report and recommendation, with the following observations.

1. *Title VII Hostile Work Environment Claim:* Bazile's hostile work environment claim fails on both procedural and substantive grounds. First, it is procedurally barred because Bazile did not assert it in a timely EEOC complaint, and it is not "reasonably related" to the complaint that he did file. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001) (per curiam). As the district court concluded, the EEOC complaint would not have led to an investigation of this claim. (Decision & Amended Order, dated Aug. 1, 2002, at 9–12.)

■ Second, even if Bazile had exhausted his administrative remedies, he offers no evidence showing that his workplace was "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotation marks and citation omitted). The mere fact of Bazile's assignment to the Brooklyn court section (and later to the walking post) does not establish such conditions, nor does the NYPD's investigation and the referral to the psychological unit. Bazile also offers no evidence that the teasing he endured over the pit bull incident had any discriminatory component.

2. *Title VII Retaliation Claim:* "A plaintiff claiming retaliation must prove: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) adverse employment action; and (4) a causal connection between plaintiff's protected activity and the adverse

employment action." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir.2000). A plaintiff must exhaust his administrative remedies before suing for retaliation. *See Legnani,* 274 F.3d at 686.

■ Bazile's retaliation claim does not satisfy these requirements. First, the district court properly concluded that Bazile failed to exhaust his administrative remedies with regard to his Brooklyn court section assignment. (Decision & Amended Order, at 15.) Second, most of Bazile's remaining allegations of retaliation involve unprotected activities because they reference no discrimination. *See* 42 U.S.C. § 2000e–3(a). Third, while a single internal affairs communication and Bazile's EEOC complaint alluded to discrimination, Bazile failed to establish the requisite causal connection between those activities and the adverse employment actions. (Decision & Amended Order, at 17.)

Finally, even if Bazile could establish a *prima facie* case of retaliation, his conduct in the pit bull incident constituted a legitimate, non-discriminatory reason for the NYPD's investigatory and disciplinary actions. Bazile has raised no genuine issue of material fact demonstrating that this reason was pretextual.

3. *Section 1983 Claim:* Bazile notes that the district court's decision spoke only to the retaliation component of his § 1983 claim. (Pl.'s Br. at 43; *see also* Decision & Amended Order, at 18–19.) Even if Bazile's § 1983 claim stretches more broadly to encompass discrimination on the basis of race and national origin, Bazile does not explain how he suffered "a procedural violation in the administrative process sufficient to trigger due-process scrutiny," nor does he dispute that "he could have pursued an Article 78 proceeding to correct such a violation." (Magistrate Judge's Report & Recommendation, dated May 10, 2002, at 65.) *See Campo v. New York City Employees' Retirement Sys.,* 843 F.2d 96, 101 (2d Cir.1988) ("If the record before the Article 78 court demonstrates a lack of appropriate procedure, the Article 78 court has the authority and seemingly the duty to order the agency to conduct a proper hearing, regardless of the type of substantive claim involved.").

4. *Expert Testimony:* Bazile also argues that the district court erred by excluding the testimony of his proposed expert witness.

Expert opinion testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," provided that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R.Evid. 702. The district court serves a "gatekeeping role," determining whether the proffered testimony is relevant and sufficiently reliable. *Amorgianos v. National R.R. Passenger Corp.,* 303 F.3d 256, 265 (2d Cir.2002). The court should "consider the indicia of reliability identified in Rule 702," *id.* at 265, as well as the factors developed by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). This is a flexible, case-specific inquiry, which gives the district court "broad discretion." *Amorgianos,* 303 F.3d at 265–66.

Since summary judgment must be based on "such facts as would be admissible in evidence," Fed.R.Civ.P. 56(e), "[t]he principles governing admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir.1997). "We review a district

court's determination to admit or exclude expert testimony under *Daubert* for abuse of discretion," and we find such abuse only if the court's decision was "manifestly erroneous." *Amorgianos,* 303 F.3d at 264–65 (internal quotation marks omitted).

■ We see no manifest error. The district court excluded the testimony of plaintiff's proposed expert, Michael Levine, in part because he lacked experience in "conducting internal disciplinary investigations" such as the one at issue here. (Decision & Amended Order, at 22.) Plaintiff points out that Levine has reviewed "the handling and disposition of personnel type investigations (i.e. Use of Deadly Force, Bias, Corruption, Investigative Procedures, etc.)" at the Drug Enforcement Administration. (Levine Aff., dated May 23, 2000, at 2; *see also* Pl.'s Br. at 46.) Even if this experience is relevant to NYPD disciplinary proceedings, it does not establish that Levine had any "particular expertise that would qualify [him] to assess whether a discriminatory animus motived the NYPD," that he relied upon "any theory related to discriminatory motivations," or that "there are any standards which control the operation of his opinions." (Decision & Amended Order, at 22.) The district court properly relied upon these considerations in excluding Levine's testimony.

Bazile also points out that the defendants did not rebut Mr. Levine's testimony, but that is of no moment. *See Brooks v. Outboard Marine Corp.,* 234 F.3d 89, 91 (2d Cir.2000) (per curiam) (rejecting "argument that th[e court's] gate-keeping role disappears when a proposed expert witness is not challenged by an opposing expert witness").

\* \* \* \* \* \*

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**