■ JOAN MCKENZIE, Appellant, v MERIDIAN CAPITAL GROUP, LLC, Respondent. [829 NYS2d 129]—

In an action, inter alia, to recover damages for employment discrimination on the basis of disability and retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 24, 2004, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582, 591 [2005]; *Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Goldfarb v Schwartz,* 26 AD3d 462, 463 [2006]). However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference (*see Morris v Morris,* 306 AD2d 449, 451 [2003]; *Doria v Masucci,* 230 AD2d 764, 765 [1996]).

The Supreme Court properly dismissed the first and second causes of action in the complaint alleging employment discrimination on the basis of disability in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. A complaint states a prima facie case of discrimination under both the Executive Law and the Administrative Code of the City of New York if the individual suffers from a disability and the disability caused the behavior for which the individual was terminated (*see Matter of McEniry v Landi,* 84 NY2d 554, 558 [1994]; *see also Pimentel v Citibank, N.A.,* 29 AD3d 141, 141 [2006]; *Thide v New York State Dept. of Transp.,* 27 AD3d 452, 453 [2006]; *Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn,* 306 AD2d 271, 272 [2003]). The term disability is "limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job . . . held" (Executive Law § 292 [21]; *see* Administrative Code of City of NY § 8-102 [16]; *Umansky v Masterpiece Intl.,* 276 AD2d 691, 692 [2000]). The plaintiff failed to set forth in her complaint factual allegations sufficient to show that, upon the provision of reasonable accommodations, she could perform the essential functions of her job. She offered instead only conclusory assertions without factual support (*see Sotomayor v Kaufman, Malchman, Kirby & Squire,* 252 AD2d 554 [1998]). Therefore, she failed to state causes of action to recover damages for employment discrimination on the basis of disability pursuant to Executive Law § 296 and Administrative Code of the City of New York § 8-107.

The Supreme Court also properly dismissed the third cause of action for retaliatory discharge pursuant to Executive Law § 296 (1) (e) and Administrative Code of the City of New York § 8-107 (7). In order to assert a viable claim of retaliatory discharge, an employee must demonstrate that there was a reasonable basis to believe that his or her employer engaged in an actionable discriminatory practice and that the employer discharged the employee as a result of the employee's opposition to that practice (*see Dodd v Middletown Lodge [Elks Club] No. 1097,* 264 AD2d 706, 707 [1999]; *see also Herskowitz v Greystone Jewish Ctr.,* 270 AD2d 391, 391 [2000]; *Matter of Electchester Hous. Project v Rosa,* 225 AD2d 772, 773 [1996]). The plaintiff alleged in her complaint that her employment was terminated in retaliation for requesting additional leave time to accommodate her disability. However, she did not allege that her request was made in opposition to a practice forbidden by the state or city Human Rights Laws (*see* Executive Law § 296 [1] [e]; Administrative Code of City of NY § 8-107 [7]). Accordingly, she failed to

state a cause of action for retaliatory discharge under those statutes.

Since the complaint failed to state causes of action to recover damages for employment discrimination and retaliation, the Supreme Court also properly dismissed the fourth and fifth causes of action for punitive damages and an attorney's fee, which were derivative in nature. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.