■ ANDREA STASKOWSKI, Appellant, v NASSAU COMMUNITY COLLEGE et al., Respondents, et al., Defendant. [862 NYS2d 544]—

In an action to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated April 10, 2007, as granted the motion of the defendants Nassau Community College, John C. Ostling, Linda Susman, Ruth Goldfarb, Esther Bogin, Fran Gulinello, Jill Burgreen, Jill Cohen, and Ann Muth pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them and denied her cross motion for leave to serve and file an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly concluded that the plaintiff failed to state a cause of action to recover damages for employment discrimination on the basis of disability pursuant to Executive Law § 296, and properly granted the respondents' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. A complaint states a prima facie case of disability discrimination under the Executive Law if the individual suffers from a disability and the disability engendered the behavior for which he or she was discriminated against in the terms, conditions, or privileges of his or her employment (*see Matter of McEniry v Landi*, 84 NY2d 554, 558 [1994]; *McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676, 677 [2006]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 453 [2006]). The term "disability" is limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job held (*see* Executive Law § 292 [21]; *McKenzie v Meridian Capital Group, LLC*, 35 AD3d at 677; *Umansky v Masterpiece Intl.*, 276 AD2d 691, 692 [2000]). Here, the complaint alleged employment discrimination on the basis of disability in violation of Executive Law § 296. However, the plaintiff failed to set forth, in the complaint or her supporting affidavits, factual allegations sufficient to show that, upon the provision of reasonable accommodations, she could perform the essential functions of her job (*see McKenzie v Meridian Capital Group, LLC*, 35 AD3d at 677). Thus, the Supreme Court properly concluded that she failed to state a cause of action to recover damages for employment discrimination on the basis of disability pursuant to Executive Law § 296.

Further, contrary to the plaintiff's contention, the Supreme Court properly denied her cross motion for leave to serve and file an amended complaint. Although leave to amend a pleading is to be freely granted, leave should be denied where, as here, the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Shefa Unlimited, Inc. v Amsterdam & Lewinter*, 49 AD3d 521 [2008]). Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.