■ BARBARA WITCHARD, Appellant, v MONTEFIORE MEDICAL CENTER, Respondent. [960 NYS2d 402]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 4, 2011, which, in an action alleging employment discrimination, denied plaintiff's motion for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record demonstrates that defendant engaged in good faith interactive efforts to reasonably accommodate plaintiff (*see Phillips v City of New York*, 66 AD3d 170, 175-176 [1st Dept 2009]). These good faith efforts ceased only when plaintiff asserted that she had been constructively discharged and refused to participate. Plaintiff thereby abandoned her employment with defendant (*see Romanello v Intesa Sanpaolo S.p.A.*, 97 AD3d 449, 451 [1st Dept 2012]; *Matter of Vinikoff v New York State Div. of Human Rights*, 83 AD3d 1159, 1163 [3d Dept 2011]). Contrary to plaintiff's contention that she was terminated on April 26, 2004, the record shows that she was not actively working after that date and was effectively on unpaid leave while engaging in an interactive process with defendant (*see Jacobsen v New York City Health & Hosps. Corp.*, 97 AD3d 428, 431-432 [1st Dept 2012]).

Plaintiff's claim that defendant subjected her to adverse employment action in retaliation for her requests for reasonable accommodation is unavailing. Under both New York State and New York City Human Rights Laws, a request for reasonable accommodation is not a protected activity for purposes of a retaliation claim (*see McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676, 677-678 [2d Dept 2006]).

Defendant's statements that it would fire her were not so pervasive as to establish a hostile work environment (*see Ferrer v New York State Div. of Human Rights*, 82 AD3d 431 [1st Dept 2011]). Nor does plaintiff's contention that she was transferred

to an assignment, which she perceived to be less desirable, establish a claim of hostile work environment (*see Bazile v City of New York*, 215 F Supp 2d 354, 361 [SD NY 2002], *affd* 64 Fed Appx 805 [2d Cir 2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.