Dutra v Sunday Riley Modern Skincare, LLC (2022 NY Slip Op 06111)

Dutra v Sunday Riley Modern Skincare, LLC

2022 NY Slip Op 06111

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-04185
 (Index No. 242/20)

[*1]Cristina A. Dutra, appellant, 
v
Sunday Riley Modern Skincare, LLC, respondent.

Cohen Seglias Pallas Greenhall & Furman, P.C., New York, NY (Jonathan Landesman and Richard J. Fusco of counsel), for appellant.
Ellis George Cipollone O'Brien Annaguey LLP, New York, NY (Jeffrey A. Mitchell, Brett D. Katz, and Stephen P. Farrelly of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for promissory estoppel, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated March 5, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In August 2019, the plaintiff, then a resident of New York, accepted a position as a creative production assistant with the defendant, a Texas limited liability company. The offer letter, which was signed by the plaintiff and set forth the terms of her employment, provided that the plaintiff's employment was "'at-will' under Texas law and [was] for no specific period" and that the defendant was "free to terminate its at-will employment relationship with [the plaintiff] at any time with or without cause." The offer letter precluded any modification of the at-will nature of the employment relationship in the absence of a writing signed by the chief executive officer of the defendant. The plaintiff relocated from New York to Texas for the position and began her employment on September 9, 2019. On September 26, 2019, the plaintiff allegedly was informed by a supervisor that the plaintiff had failed to timely and adequately complete an assignment. On September 30, 2019, the defendant terminated the plaintiff's employment.
The plaintiff commenced this action to recover damages for promissory estoppel. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated March 5, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mendelovitz v Cohen, 37 AD3d 670, 670; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "In considering a motion pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Belling v City of Long Beach, 168 AD3d 900, 901; see Leon v Martinez, 84 NY2d 83, 87-88). [*2]"However, bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference" (Morris v Morris, 306 AD2d 449, 451). Further, "where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
It is undisputed that the substantive law of Texas governs the merits of this action. Under Texas law, the elements of promissory estoppel are: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment" (English v Fischer, 660 SW2d 521, 524 [Tex]). The reliance on the promise must be reasonable and justified (see Gilmartin v KVTV-Channel 13, 985 SW2d 553, 558 [Tex Ct App]; Hinds v Orix Capital Mkts, L.L.C., 2003 WL 22132791, *5, 2003 US Dist LEXIS 15942, *15 [ND Tex No. CIV.A. 302CV0239-P]). "The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary" (Collins v Allied Pharmacy Mgmt., Inc., 871 SW2d 929, 937 [Tex Ct App]).
In support of its motion, the defendant submitted the offer letter, which conclusively demonstrated that the plaintiff's employment was at-will under Texas law. Under the circumstances of this case, the offer letter utterly refuted the plaintiff's allegation that she reasonably relied on the defendant's promise of reliable, full-time employment to her detriment and conclusively established a defense to the plaintiff's promissory estoppel cause of action as a matter of law. Similarly, the offer letter demonstrated that the plaintiff did not have a cause of action based on the theory of promissory estoppel (see Miller v Raytheon Aircraft Co., 229 SW3d 358, 379 [Tex Ct App]; Gilmartin v KVTV-Channel 13, 985 SW2d at 558; Collins v Allied Pharm. Mgt., Inc., 871 SW2d at 937; Raggio v Parkland Mem. Hosp., 1997 WL 135662, *9, 1997 US Dist LEXIS 4818, *33 [ND Tex No. 3-95-CV-0680-R]; see also Hinds v Orix Capital Mkts, L.L.C., 2003 WL 22132791, at *7, 2003 US Dist LEXIS 15942, at *20; cf. Roberts v Geosource Drilling Servs., Inc., 757 SW2d 48 [Tex Ct App]).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court