Brouillard v Sunrun, Inc. (2023 NY Slip Op 04184)

Brouillard v Sunrun, Inc.

2023 NY Slip Op 04184

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-03610
 (Index No. 518516/19)

[*1]Luke Brouillard, respondent-appellant,
v
Sunrun, Inc., appellant-respondent.

Paduano & Weintraub LLP, New York, NY (Meredith Cavallaro and Noah H. Bunzl of counsel), for appellant-respondent.
Phillips & Associates, PLLC, New York, NY (H. Joseph Cronen and Steven Fingerhut of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 26, 2020. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff alleged that on December 12, 2018, the defendant offered him a job as a field sales consultant. He further alleged that he had certain conditions that rendered him disabled, including congenital bilateral dislocated patellas, patella alta, hypoplastic patella, and a dextro convex scoliotic curvature, and caused him to suffer from general chronic pain and chronic pain in his knees. On or about December 12, 2018, the New York State Department of Health issued the plaintiff a medical marijuana program registry identification card, which, the plaintiff alleged, deemed him as having a disability under the Executive Law (see Public Health Law § 3369). After taking a pre-employment drug test, the defendant informed the plaintiff that he had tested positive for marijuana. Although the plaintiff explained that he had a prescription for medical marijuana to treat his conditions and provided the defendant his medical marijuana program registry identification card and other documents, the defendant rescinded the job offer. The plaintiff then commenced this action, asserting causes of action to recover damages for employment discrimination on the basis of disability in violation of the New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL) (first cause of action) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL) (second and third causes of action). The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted that branch of the motion which was to dismiss the cause of action alleging a violation of the NYSHRL and denied those branches of the motion which were to dismiss the causes of action alleging a violation of the NYCHRL. The defendant appeals, and the plaintiff cross-appeals.
The Supreme Court correctly concluded that the plaintiff failed to state a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYSHRL and granted dismissal of the first cause of action pursuant to CPLR 3211(a)(7). A complaint states a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYSHRL if it alleges that the plaintiff suffers from a disability and that the disability engendered the behavior for which they were discriminated against in the terms, conditions, or privileges of their employment or refusal to hire (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834). "To state a claim under the [NYS]HRL, the complaint and supporting documentation must set forth factual allegations sufficient to show that, 'upon the provision of reasonable accommodations, [the employee] could perform the essential functions of [his or] her job'" (Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 884, quoting Staskowski v Nassau Community Coll., 53 AD3d 611, 611). Here, the complaint alleged employment discrimination on the basis of disability in violation of the NYSHRL. However, the complaint failed to set forth factual allegations, which, if true, would be sufficient to show that, upon the provision of reasonable accommodations, the plaintiff could perform the essential functions of the job (see Staskowski v Nassau Community Coll., 53 AD3d at 611; McKenzie v Meridian Capital Group, LLC, 35 AD3d 676, 677). Thus, the court properly concluded that the complaint failed to state a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYSHRL.
The NYCHRL provides broader protections than the NYSHRL (see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d at 885). To state a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYCHRL, a complaint must allege that the plaintiff was disabled and was discriminated against based on their disability (see id.). Here, the complaint sufficiently alleged that the plaintiff was disabled and was discriminated against based on his disability.
We find unavailing the defendant's contention that the complaint failed to state a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYCHRL because the defendant chose not to hire the plaintiff based only on his positive drug test and not his disability. Refusing to hire the plaintiff because he tested positive for marijuana while knowing that he was being treated with marijuana by a licensed physician for a medical condition effectively denied the plaintiff the opportunity of a reasonable accommodation, and therefore, under these circumstances, is appropriately recognized as a cognizable cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYCHRL (see e.g. Gordon v Consolidated Edison Inc., 190 AD3d 639, 641; Millman v CVS Caremark, 2015 WL 6760204, 2015 US Dist LEXIS 150488 [ED NY, No. 15-0134 (DRH) (GRB)]; Barbuto v Advantage Sales & Mktg., LLC, 477 Mass 456, 466-467, 78 NE3d 37, 47). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to dismiss the causes of action to recover damages for employment discrimination on the basis of disability in violation of the NYCHRL.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court