Watson v Metropolitan Tr. Auth.

2026 NY Slip Op 02434

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Myles Watson, appellant,

v

Metropolitan Transit Authority, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-10925, (Index No. 516086/22)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Law Office of John A. Scola, PLLC, New York, NY, for appellant.

Proskauer Rose LLP, New York, NY (Neil Abramson, Rosanne Facchini, and Edna Guerrasio of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated November 14, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff began working for the defendant New York City Transit Authority (hereinafter the NYCTA) in 2015, in a safety-sensitive position as a telephone maintainer. In March 2019, the plaintiff tested positive for marijuana as part of a random drug test performed and was required by the NYCTA to attend a drug counseling program. In October 2020, the plaintiff again tested positive for marijuana. After the plaintiff's second positive drug test, he was suspended without pay, and the NYCTA instituted a disciplinary proceeding. The plaintiff obtained a medical marijuana card and presented it to the NYCTA to request a reasonable accommodation, which was denied. In December 2020, the plaintiff executed a release in favor of the NYCTA as to any and all claims he may have had in connection with the underlying disciplinary proceeding. Thereafter, upon completion of a drug rehabilitation program, the plaintiff was reinstated to a non-safety-sensitive position as a station cleaner.

In June 2022, the plaintiff commenced this action against the defendants, Metropolitan Transit Authority and the NYCTA, inter alia, to recover damages for employment discrimination on the basis of disability in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296) and the New York City Human Rights Law (NYCHRL) (Administrative Code of the City of New York § 8-107). The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, contending, among other things, that the action was barred by the release. They also contended that the plaintiff failed to state causes of actions under the NYSHRL and the NYCHRL. In an order dated November 14, 2023, the Supreme Court granted the defendants' motion on the ground that the action was barred by the release. The plaintiff appeals.

"Generally, a valid release constitutes a complete bar to an action on a claim which [*2]is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]; see Applewhite v 112 Liberty Assoc., LLC, 233 AD3d 834, 834). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (Applewhite v 112 Liberty Assoc., LLC, 233 AD3d at 834 [internal quotation marks omitted]; see Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033). "[A] signed release shifts the burden . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Ming Long Liu v Kirkwood, 222 AD3d 861, 862).

"In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light" (Applewhite v 112 Liberty Assoc., LLC, 233 AD3d at 835 [internal quotation marks omitted]; see Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034).

Here, in support of their motion, the defendants submitted, inter alia, a copy of the release signed by the plaintiff, the NYCTA, and the plaintiff's union representative, which, by its terms, barred this action against the defendants (see Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034). In opposition, however, the allegations in the plaintiff's affidavit were sufficient to raise questions of fact as to whether the release was signed by the plaintiff under circumstances that indicate unfairness and whether it was not "fairly and knowingly" made (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [internal quotation marks omitted]). The plaintiff averred, among other things, that he "did not sign [the] agreement voluntarily," "was not given a chance to thoroughly read the agreement before [he] signed it," "was never told that the agreement would somehow bar [him] from bringing claims of discrimination or failure to accommodate based on [his] medical marijuana prescription," and "was not told to consult with an attorney, nor was [he] given time to contact an attorney." Accordingly, the Supreme Court should not have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the action was barred by the release.

However, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint on the ground that it failed to state a cause of action (see id. § 3211[a][7]).

The NYSHRL prohibits discrimination by an employer on the basis of disability (see Executive Law § 296[1][a]). "A complaint states a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYSHRL if it alleges that the plaintiff suffers from a disability and that the disability engendered the behavior for which they were discriminated against in the terms, conditions, or privileges of their employment or refusal to hire" (Brouillard v Sunrun, Inc., 219 AD3d 560, 561-562; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834). "'To state a claim under the [NYS]HRL, the complaint and supporting documentation must set forth factual allegations sufficient to show that, upon the provision of reasonable accommodations, [the employee] could perform the essential functions of [his or] her job'" (Brouillard v Sunrun, Inc., 219 AD3d at 561-562 [internal quotation marks omitted], quoting Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 884). "'However, bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference'" (Dutra v Sunday Riley Modern Skincare, LLC, 210 AD3d 640, 641, quoting Morris v Morris, 306 AD2d 449, 451).

Here, the complaint alleged employment discrimination on the basis of disability in violation of the NYSHRL. However, the complaint failed to set forth factual allegations, which, if true, would be sufficient to show that, upon the provision of reasonable accommodations, the plaintiff could perform the essential functions of his job (see Brouillard v Sunrun, Inc., 219 AD3d at 562). Accordingly, the Supreme Court properly directed dismissal of the cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYSHRL.

The NYCHRL also prohibits employment discrimination on the basis of disability (see Administrative Code § 8-107[1][a]). "'Unlike the [NYS]HRL, the [NYC]HRL's definition of "disability" does not include "reasonable accommodation" or the ability to perform a job in a reasonable manner,'" but rather "'defines "disability" solely in terms of impairments'" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 834-835, quoting Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d at 885). Pursuant to the NYCHRL, the burden is on "the employer to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business" (id. at 835; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d at 885; Brouillard v Sunrun, Inc., 219 AD3d at 562).

Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Here, the defendants submitted evidence conclusively establishing the unavailability of any safe and reasonable accommodation and showing that any proposed accommodation would create an undue hardship on them (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 835; Alvarez v New York City Tr. Auth., 230 AD3d 541, 542). Accordingly, the Supreme Court properly directed dismissal of the cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYCHRL.

Likewise, the Supreme Court should have directed dismissal of the cause of action alleging hostile work environment, as the plaintiff failed to sufficiently plead that he was treated "less well than other employees" because of his disability (see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 708; see generally Reichman v City of New York, 179 AD3d 1115, 1118) or that he was subjected to inferior terms, conditions, or privileges on the basis of his disability (see Polite v Marquis Marriot Hotel, 195 AD3d 965, 967).

The plaintiff's remaining contentions are without merit

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court