Voltaire v Northwell Health, Inc.
2026 NY Slip Op 03841
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rubens Voltaire, respondent,
v
Northwell Health, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11693, (Index No. 607117/23)
Mark C. Dillon, J.P.
William G. Ford
Laurence L. Love
James P. McCormack, JJ.

Littler Mendelson, P.C., Melville, NY (Lisa M. Griffith and Erin M. Train of counsel), for appellant.
Danny Grace PLLC, New York, NY (Douglas Mace of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of disability and unlawful retaliation in violation of the New York State Human Rights Law, the defendant appeals from an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), entered October 16, 2024. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff was employed by the defendant as a concierge in Guest Services at North Shore University Hospital from May 2019 until September 2021. The plaintiff's duties included, inter alia, greeting and assisting patients, families, and visitors as needed. In August 2021, the New York State Department of Health issued an emergency regulation ordering healthcare facilities to "continuously require personnel to be fully vaccinated against COVID-19, absent receipt of an exemption" (former 10 NYCRR 2.61[c]). The plaintiff applied for a medical exemption (see former 10 NYCRR 2.61[d][1]). The defendant denied the plaintiff's request and terminated his employment on September 29, 2021.
Thereafter, the plaintiff commenced this action, among other things, to recover damages for discrimination and retaliation in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296), contending, inter alia, that he was terminated for asserting his right to an accommodation excusing him from receiving the COVID-19 vaccination due to a health condition. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. By order entered October 16, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
"When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Ofman v Richland, 234 AD3d 865, 866 [internal quotation marks omitted]; see Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, [*2]815). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Walrond v New York City Health & Hosps. Corp., 240 AD3d 933, 934 [internal quotation marks omitted]; see Soloviev v Ross Sch., 227 AD3d 746, 747).
"A complaint states a cause of action to recover damages for employment discrimination on the basis of disability in violation of the NYSHRL if it alleges that the plaintiff suffers from a disability and that the disability engendered the behavior for which they were discriminated against in the terms, conditions, or privileges of their employment or refusal to hire" (Brouillard v Sunrun, Inc., 219 AD3d 560, 561-562). The term "disability" is "limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job . . . held" (Executive Law § 292[21]; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 884; Brouillard v Sunrun, Inc., 219 AD3d at 562). "To state a claim under the [NYS]HRL, the complaint and supporting documentation must set forth factual allegations sufficient to show that, 'upon the provision of reasonable accommodations, [the employee] could perform the essential functions of [his or] her job'" (Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d at 884, quoting Staskowski v Nassau Community Coll., 53 AD3d 611, 611).
Here, the complaint's conclusory assertions that the defendant discriminated against the plaintiff based on a disability were unsupported by sufficient factual allegations to state a cause of action under the NYSHRL (see Farah v City of New York, 241 AD3d 1435, 1437). Additionally, the complaint failed to set forth factual allegations, which, if true, would be sufficient to show that, upon the provision of reasonable accommodations, the plaintiff could perform the essential functions of his job (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834; Brouillard v Sunrun, Inc., 219 AD3d at 562), which required him to work in-person and placed him in a position where he could spread illness to patients and visitors (see Walrond v New York City Health & Hosps. Corp., 240 AD3d at 936; We The Patriots USA, Inc. v Hochul, 17 F4th 368, 369 [2d Cir]).
Accordingly, the Supreme Court should have directed dismissal of the cause of action alleging discrimination.
Under the NYSHRL, "it is unlawful to retaliate against an employee because he or she opposed statutorily forbidden discriminatory practices" (Clarson v City of Long Beach, 132 AD3d 799, 800 [internal quotation marks omitted]; see Executive Law § 296[1][e]; [7]). To state a cause of action for retaliation in violation of the NYSHRL, a plaintiff must allege that "(1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 645 [internal quotation marks omitted]; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 313). "An employee engages in a 'protected activity' by 'opposing or complaining about unlawful discrimination'" (Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 645, quoting Forrest v Jewish Guild for the Blind, 3 NY3d at 313; see Executive Law § 296[1][e]).
Here, the complaint failed to allege that the plaintiff was engaged in a protected activity, since a request for a reasonable accommodation does not constitute a protected activity under the NYSHRL (see D'Amico v City of New York, 159 AD3d 558, 558-559; Jordan v City of New York, 2024 WL 4872186, *3, 2024 US Dist LEXIS 214421, *6-7 [SD NY Nov. 22, 2024, No. 23-cv-4962 (DLC)]), and the complaint contains no other allegations that the plaintiff otherwise opposed or complained about unlawful discrimination (see Brunache v MV Transp., Inc., 151 AD3d 1011, 1014). Therefore, the Supreme Court should have directed dismissal of the cause of action alleging retaliation.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court