17-3523-cv
*Lazzari v. New York City Department of Parks and Recreation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT: PETER W. HALL,
GERARD E. LYNCH,
*Circuit Judges*,
WILLIAM F. KUNTZ,
*Judge.*\*

─────────────────────────────────────

Michael Lazzari,

*Plaintiff-Appellant*,

v.                                                                        No. 17-3523-cv

New York City Department of Parks and Recreation,

*Defendant-Appellee*.

─────────────────────────────────────

For Appellant:                     Fausto E. Zapata, Jr., Law Office of Fausto E. Zapata, Jr., P.C., New York, NY

For Appellee:                      Zachary W. Carter, Scott Shorr, Tahirih M. Sadrieh, (*on the brief*), Richard Dearing, New York City Law Department, New York, NY

\* Judge William F. Kuntz of the United States District Court for the Eastern District of New York, Sitting by Designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Michael Lazzari appeals a judgment granting summary judgment to Defendant-Appellee New York City Department of Parks and Recreation ("the City" or "Parks") and denying Lazzari's cross-motion for summary judgment in an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Parks employed Lazzari as a maintenance worker from April 2013 to January 2014, during which time Lazzari missed 87 days of work. Lazzari alleges that he suffered a disability in the form of a bulging disk in his neck that contributed to severe migraine headaches and other symptoms and that often prevented him from being able to get out of bed or perform his normal job responsibilities. He argues that the district court erred in granting summary judgment to the City on his failure to accommodate claims under the NYSHRL and NYCHRL because Parks refused to engage in an interactive process with Lazzari following his alleged request for a reasonable accommodation.[1]

We review the district court's grant of summary judgment *de novo*, considering the record in the light most favorable to the appellant. *Jackson v. Fed. Exp.*, 766 F.3d 189, 192 (2d Cir. 2014). "Summary judgment is appropriate where the pleadings, the discovery and disclosure

---

[1] Lazzari does not appeal the judgment in favor of the City on his remaining discrimination and retaliation claims or his failure to accommodate claim under the ADA. Accordingly, we do not review those parts of the judgment.

2

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal quotation marks omitted).

To maintain a failure to accommodate claim under the ADA and the NYSHRL, the plaintiff "must show that: (1) [he] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, [the employee] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (internal quotation marks omitted). "A reasonable accommodation is one which permits an employee with a disability to perform in a reasonable manner the activities involved in the job and does not impose an undue hardship on the employer's business." *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 180 (2d Cir. 2016) (internal quotation marks omitted). "A claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims." *Noll*, 787 F.3d at 94 (quoting *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006)).

The NYCHRL similarly "requires that an employer 'make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job . . . provided that the disability is known or should have been known by the [employer].'" *Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881, 885, 998 N.E.2d 1050, 1053 (2013) (quoting N.Y.C. Admin. Code § 8-107(15)(a)). Unlike the NYSHRL, the NYCHRL places the burden on the employer to demonstrate lack of a safe and reasonable accommodation and to show undue hardship. *Jacobsen*

3

*v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 835, 11 N.E. 3d 159 (2014); N.Y.C. Admin. Code § 8-102(18).

The district court did not err in granting summary judgment to the City on Lazzari's NYSHRL claim. As the district court found, regular attendance was an essential function of a maintenance worker, and Lazzari acknowledged that his alleged disability prevented him from going to work when his symptoms were active. *Lazzari v. City of New York Dep't of Parks & Recreation*, No. 15-CV-8638, 2017 WL 4417696, at *3 (S.D.N.Y. Oct. 3, 2017). It is undisputed that he missed work 87 out of approximately 194 work days. *Id.*; J. App. 220. Lazzari's own admission that his symptoms "stopped me from working," J. App. 62, thus defeats his claim that any accommodation would have enabled him to perform the essential duties of a maintenance worker. *See Lyons v. Legal Aid Soc.*, 68 F.3d 1512, 1516 (2d Cir. 1995) ("It is clear that an essential aspect of many jobs is the ability to appear at work regularly and on time").

Lazzari's sweeping argument that an employer is categorically precluded from obtaining summary judgment under the NYSHRL unless the employer engaged in a good faith interaction with the employee about a requested accommodation rests on a misinterpretation of *Jacobsen*, 22 N.Y.3d 824. There, the New York Court of Appeals expressly rejected the notion that the "good faith interactive process is an independent element of the disability discrimination analysis" under the NYSHRL, noting instead that the plaintiff still maintains the burden of proving a reasonable accommodation. *Id.* at 838. Lazzari claims that he sought to have his absences excused and added to the end of his one-year period of probationary employment, but even assuming *arguendo* that this constituted a request for an accommodation, any purported accommodation permitting his continued excessive absences was not a reasonable one. *See McMillan v. City of New York*, 711

4

F.3d 120, 127 (2d Cir. 2013) ("[A] reasonable accommodation can never involve the elimination of an essential function of a job." (internal quotation marks omitted)); *see also Vangas*, 823 F.3d at 181 (Employee's request for "an indefinite leave extension . . . as a matter of law is not a reasonable accommodation"); *Romanello*, 22 N.Y.3d at 884 ("Indefinite leave is not considered a reasonable accommodation under the State HRL"). Lazzarri's failure to carry his burden of showing a reasonable accommodation that would have enabled him to perform the essential function of showing up to work therefore supports the district court's award of summary judgment to the City.

To the extent Lazzari maintains that he sought reassignment to a lighter duty position, which the record reflects he requested only once in connection with a discrete assignment in December 2013, his failure to identify an existing vacant position as a suitable replacement defeats his claim. *See Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566-67 (2d Cir. 2000) (plaintiff alleging failure to accommodate by neglecting to reassign plaintiff to a suitable vacant position bears the burden of proving existence of the vacancy). And even if Lazzari had identified a specific alternative position, he fails to explain how a lighter duty job would have mitigated his excessive absenteeism, considering his own admission that "[w]hen my symptoms flared up I couldn't get out of bed . . . I could not get to work." J. App. 64.

For the same reasons that his NYSHRL claim fails, the district court did not err in awarding summary judgment to the City on Lazzari's NYCHRL claim. Even though the NYCHRL places the burden on the employer to show the lack of a reasonable accommodation and undue hardship, *see Jacobsen*, 22 N.Y.3d at 835, any purported accommodation predicated on the City's tolerance of Lazzari's excessive absences would have undoubtedly constituted a hardship. Lazzari's

5

supervisors testified that Lazzari's repeated failure to come to work impeded the City's ability to maintain its parks and facilities and placed a strain on other workers and the City therefore established that a reasonable accommodation was not available.

We have considered Lazzari's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6