| |
|---|
| **14th St. Med., P.C. v Warner** |
| 2024 NY Slip Op 33258(U) |
| September 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161272/2021 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**                    PART                    14

*Justice*

--------------------------------------------------------------------X

14TH STREET MEDICAL, P.C.

INDEX NO.                161272/2021

Plaintiff,

MOTION DATE           09/12/2024

- v -

MOTION SEQ. NO.        001 002

ROBIN WARNER,

**DECISION + ORDER ON MOTION**

Defendant.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 102, 103, 104, 105, 106

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Motion Sequence Numbers 001 and 002 are consolidated for disposition. Defendant's

motion for summary judgment (MS001) is denied and plaintiff's motion for summary judgment

(MS002) is granted in part as described below.

**Background**

Plaintiff is a medical/health care practice and defendant is a doctor. Plaintiff brings this

case to seek damages based on defendant's purported breaches of her employment agreement

with plaintiff, breaches for which plaintiff purportedly terminated defendant's employment for

cause. It contends that from June 30, 2020 through December 16, 2021, defendant worked as a

neurologist for plaintiff. Plaintiff insists that it makes its physicians enter into an employment

[* 1]

agreement that requires a departing physician to provide at least ninety days' notice prior to that individual's resignation from plaintiff.

Plaintiff alleges that defendant provided her ninety days' notice in November 2021. It maintains, however, that defendant engaged in numerous wrongful acts prior to her resignation notice that constituted a violation of the employment agreement. It suspects that defendant resigned after being warned about her purported unreliable work habits. Plaintiff argues that defendant was informed on November 12, 2021 via a letter from plaintiff that she was in violation of the employment agreement for cancelling sessions without prior notice, allegedly threatening staff and making defamatory remarks.

Plaintiff insists in the complaint that defendant was then told, in writing, on November 28, 2021 (after she gave her resignation notice) that she had to attend her clinical sessions in a timely manner, that she must help facilitate a safe transition of her patients, that she not tell her patients she was leaving her employment with plaintiff, that she provide sufficient documentation for past and future absences and that she abide by her work schedule. Plaintiff contends that defendant did not abide by these restrictions and instead called out sick again on short notice. It maintains that defendant asked for additional compensation but plaintiff declined to meet these demands.

Plaintiff also argues that defendant informed it on December 15, 2021 that she was ill and would seek long term disability but that she failed to provide supporting documentation. It terminated plaintiff's employment on December 16, 2021 (*see* NYSCEF Doc. No. 45). Plaintiff asserts a single cause of action against defendant for breach of contract.

Defendant offers a widely divergent view of the relevant events. She insists that plaintiff routinely deducted half an hour from her pay for "breaks" she never actually took and argues that

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

**Page 2 of 11**

2 of 11

this resulted in lower pay on at least 34 occasions. Defendant argues that the employment contract required that plaintiff give her a raise after working for plaintiff for a year but that plaintiff refused to do so. She admits that on October 24, 2021, she agreed to a raise of $180 per hour but that plaintiff never followed through on this promised raise. Defendant insists she decided to resign because of plaintiff's failure to give her the raise.

Defendant argues that on December 15, 2021, she exacerbated a previous injury (a pinched nerve) and told plaintiff she could not work that day. She then says she requested the relevant paperwork for a short-term disability but that plaintiff responded by firing her the next day. In defendant's view, the November 2021 letters were simply plaintiff's effort to manufacture a reason to terminate her employment after she complained about compensation issues.

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id.*). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

**Page 3 of 11**

3 of 11

summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

**Plaintiff's Breach of Contract Cause of Action**

Defendant moves for summary judgment dismissing plaintiff's sole cause of action against her for breach of contract and plaintiff makes a separate motion in which it seeks, in part, summary judgment in its favor on this claim.

Defendant contends that she never breached the employment agreement and that this is merely retaliation for defendant's complaints about plaintiff's purported breaches of the subject employment agreement.

Plaintiff contends that defendant's motion is procedurally defective as it failed to include the pleadings filed in this case. It insists that defendant failed to comply with the rules and protocols in the employee handbook. It emphasizes that defendant admitted at her deposition that she cancelled her appointments at the last minute on multiple occasions (*see* NYSCEF Doc. No. 86 at 110 [defendant explaining that she cancelled at the last minute due to side effects from a vaccination, the sudden unavailability of child care, from an illness and from a pinched nerve]).

The Court denies both defendant's and plaintiff's motions related to the breach of contract claim as there are issues of fact on both sides.[1] It is undisputed that defendant received a letter dated November 12, 2021 from plaintiff which detailed defendant's purported failings as

---

[1] To the extent that plaintiff contends defendant failed to attach the relevant pleadings, the Court observes that this is an e-filed case and so the Court will overlook these procedural omissions.

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

**Page 4 of 11**

[* 4]

an employee for plaintiff (NYSCEF Doc. No. 88). This letter highlights that defendant allegedly routinely cancelled her appointments on short notice and then declined to extend her working hours the following week to accommodate the patients who had to reschedule their appointments (*id*.). Plaintiff also details that defendant purportedly threatened to walk out on multiple occasions (*id*.). And plaintiff contends that defendant's subsequent resignation email on November 14, 2021 (*see* NYSCEF Doc. No. 37 at 3) was in response to plaintiff's letter detailing defendant's deficient performance.

The Court recognizes that defendant's view is quite different. She emphasizes that plaintiff's practice administrator, Yan Feldman, texted her on October 24, 2021 to inform her that she would receive a raise to $180 per hour because she was "doing [a] good job" (NYSCEF Doc. No. 33). According to defendant, she was due a raise under the employment agreement long before this text and, in any event, she never received this promised raise despite discussing this issue in emails with plaintiff (*see* NYSCEF Doc. No. 31 [email dated November 5, 2021]). Defendant's version is that the sudden effort to fire her was in retaliation for her inquiries about a raise and her concerns about the 30-minute break issue. She argues that plaintiff deducted 30 minutes of pay from her shifts for breaks that she never actually took.

In sum, this Court cannot reach conclusions as a matter of law about the alleged facts presented on this motion regarding the breach of contract cause of action. To do so would require the Court to embrace one party's contentions, which is not proper on a motion for summary judgment. A fact finder will have to ascertain the extent to which plaintiff has a valid breach of contract based on defendant's alleged failure to perform under the employment agreement. The employment agreement permitted plaintiff to fire defendant "for cause," which was defined, in part, to include "The failure of the Physician to abide by the terms of this

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

**Page 5 of 11**

5 of 11

[* 5]

Agreement or diligently to perform her duties hereunder" (NYSCEF Doc. No. 84, ¶ 10.3.5). The fact finder must assess whether or not it credits plaintiff's assertions about defendant's alleged failings in performing her duties as a neurologist for plaintiff by calling out sick on multiple occasions on short notice. While defendant disputes the frequency of her "short notice absences" and insists she is entitled to take sick days, it is for a fact finder to consider defendant's view that the absence issue was merely a pretext for her termination because plaintiff did not want to give defendant the promised raise. There are certainly documents submitted on this record that shows that plaintiff brought up this raise issue in the weeks leading up to her termination.

Although not dispositive, the Court points out that defendant denied receiving a copy of the employee handbook until the day she was terminated (NYSCEF Doc. No. 28, at 80 [defendant's deposition transcript]). This is another material issue of fact in that plaintiff appears to rely, at least in part, on the regulations raised in this handbook. Of course, if plaintiff never gave defendant the handbook, then she cannot be held to it.

The Court observes that much of defendant's supporting papers in this motion (MS001) relate more to her affirmative contentions (contained in her counterclaims) about plaintiff's alleged misconduct. This includes her insistence that she was due a raise and that plaintiff impermissibly subtracted 30 minutes from her shifts (as breaks) despite the fact that she did not actually take these breaks. However, this analysis involves only plaintiff affirmative breach of contract claim and, therefore, only concerns plaintiff's claimed injury. Certainly, defendant's contentions about plaintiff's acts and her resulting damages are relevant, but they do not, standing alone, compel the Court to dismiss plaintiff's claim.

Another issue raised in connection with plaintiff's cause of action for breach of contract is plaintiff's damages. Defendant argues that plaintiff did not establish that it suffered any

161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN
Motion No.  001 002

Page 6 of 11

damages or any basis for its claimed loss of $250,000. However, the Court finds that Mr. Feldman raised an issue of fact concerning this issue at his deposition where he explained that terminating a physician under contract (as defendant was) generates costs for plaintiff (NYSCEF Doc. No. 29 at 154-57). He noted that plaintiff did not have anyone who could step in and fill defendant's place to see defendant's patients (*id.* at 157). This testimony establishes an issue of fact, to be determined by a fact finder, should plaintiff prevail at trial. In other words, plaintiff properly met its burden to allege damages as part of its breach of contract cause of action.

**MS002 and Defendant's Counterclaims**

In addition to seeking summary judgment on its breach of contract claim, plaintiff seeks summary judgment dismissing defendant's counterclaims in connection with MS002. Defendant brought counterclaims for breach of contract (that is, that plaintiff breached the employment contract), promissory estoppel and discrimination.

As noted above, there are clear issues of fact concerning whether or not plaintiff breached the employment agreement. Defendant properly raised that the employment agreement entitled her to a pay increase as schedule B of the contract provides that there would be an annual increase in line with the Consumer Price Index (NYSCEF Doc. No. 51 at 10 of 10) although there are no other specifics about this raise (such as a specific date). And, as cited above, Mr. Feldman promised a raise to $180 per hour in a text message in late October 2021. Moreover, defendant raised another issue of fact with respect to the 30-minute break issue. That is, she contends she did not take these breaks and should be compensated for her work. Defendant attached email correspondence in which plaintiff admitted that these breaks were automatically

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

**Page 7 of 11**

7 of 11

deducted from her compensation while she insisted these breaks were not reflected in her work schedule (NYSCEF Doc. No. 31 at 3 of 4).

With respect to the promissory estoppel counterclaim, a review of defendant's opposition papers reveal that defendant did not address this claim at all. Accordingly, it is severed and dismissed.

The remaining counterclaims are for discrimination based on defendant's purported disability. These three counterclaims all arise out of defendant contention that she suffers from cervical radiculopathy (a pinched nerve) and that when this flares up, she experiences significant pain and is unable to work (NYSCEF Doc. No. 64). Defendant seeks damages for being fired based on her disability (counterclaim 3), that she was not provided with a reasonable accommodation (counterclaim 4) and that plaintiff failed to engage in a cooperative dialogue (counterclaim 5). She relies upon the New York City Human Rights Law ("NYCHRL").

"Unlike the State HRL, the City HRL's definition of "disability" does not include "reasonable accommodation" or the ability to perform a job in a reasonable manner. Rather, the City HRL defines "disability" solely in terms of impairments. The City HRL requires that an employer make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job ... provided that the disability is known or should have been known by the employer" (*Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 885, 976 NYS2d 426 [2013] [internal quotations and citations omitted]). "A request for accommodation need not take a specific form, so the requests for accommodation may be in plain English, need not mention the statute, or the term reasonable accommodation and need not be in writing" (*Watson v Emblem Health Services*, 158 AD3d 179, 182, 69 NYS3d 595 [1st Dept 2018] [internal quotations and citations omitted]).

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

**Page 8 of 11**

8 of 11

Here, defendant raised issues of fact that compel the Court to deny plaintiff's request to dismiss the counterclaims brough under the NYCHRL. As an initial matter, the Court observes that defendant sent an email to plaintiff on December 15, 2021 in which she stated that she needed a sick day because she "just woke up with excruciating pain and burning numbness that has not responded to medication" (NYSCEF Doc. No. 74). She noted that her husband was actually writing the email because she was in too much pain (*id.*). Then she noted that "I will seek intermittent disability for my condition, so please send me FMLA paperwork. Last night I was feeling ok, so this was unforeseeable and this is the earliest possible notice I can provide" (*id.*). Defendant also attached a "doctor's note" dated that same day detailing her condition (NYSCEF Doc. No. 76). And at her deposition, defendant insisted that she had asked for an ergonomic chair that would have purportedly helped prevent her pinched nerve issues (*see* NYSCEF Doc. No. 86 at 111). Plaintiff then fired defendant the day after she requested the FMLA paperwork.

This Court is unable to dismiss these counterclaims based on this record. Defendant submitted evidence that shows that she informed her employer about her impairment and that she was going to seek disability (presumably in the form of some accommodation). And defendant was fired the very next day without any discussion about a reasonable accommodation or any cooperative dialogue. Of course, plaintiff's emails suggest that it did not believe defendant's claimed disability. Clearly, plaintiff had raised the issue of defendant calling out sick on short notice on multiple prior occasions as detailed in both the November 12, 2021 and November 28, 2021 letters (NYSCEF Doc. Nos. 88 and 89). That is seemingly why Mr. Feldman responded to defendant's email by noting that she was "emailing 20 minutes before the start of your shift" and that he "suspected [defendant] might not come [in]" given the parties' acrimonious

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN
Motion No.  001 002**

**Page 9 of 11**

9 of 11

[* 9]

communications throughout November and December 2021 (NYSCEF Doc. No. 74). But this Court cannot embrace plaintiff's view on a motion for summary judgment where, as here, defendant insisted she had a valid disability, a pinched nerve, and then plaintiff fired her the next day *after* she requested paper work that could have resulted in some sort of accommodation.

Plaintiff's insistence that defendant's condition is temporary, and therefore not subject to the protections of the NYCHRL, does not require dismissal of these three counterclaims. There is no basis to conclude as a matter of law that this was a brief or temporary injury. Defendant swears it is a condition that regularly flares up.

**Summary**

The instant action involves two competing narratives about a failed employment relationship. Both parties submit numerous emails and documents that support their accounts. Plaintiff contends that defendant routinely called out sick on short notice and criticized the plaintiff to other employees. It argues, essentially, that defendant was unreliable and that this caused it significant hardship as it had to constantly reschedule patients' appointments. Plaintiff's view is that its termination of defendant's employment was justified and that it suffered damages from having to account for defendant's absence.

Defendant argues that plaintiff failed to pay her for all of the hours she worked, that plaintiff failed to give her a raise despite promising to do so and that plaintiff fired her when she requested a reasonable accommodation for her pinched nerve.

On a motion for summary judgment, it is not this Court's role to make a credibility finding about which narrative is more persuasive. That is for a fact finder.

Accordingly, it is hereby

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN
Motion No.  001 002**

**Page 10 of 11**

10 of 11

ORDRED that defendant's motion (MS001) for summary judgment dismissing plaintiff's complaint is denied; and it is further

ORDERED that plaintiff's motion (MS002) for summary judgment on its complaint and to dismiss defendant's counterclaims is granted ONLY to the extent that defendant's counterclaim for promissory estoppel is severed and dismissed.

| 9/17/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161272/2021   14TH STREET MEDICAL, P.C. vs. WARNER D.O., ROBIN**
**Motion No.  001 002**

Page 11 of 11