**Irish v Isabella Geriatric Ctr., Inc.,**

2025 NY Slip Op 30042(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 153124/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY

_Justice_

PART          56M

-------------------------------------------------------------------------------X

ANGELINA IRISH, as Administrator of the Estate of CUVALIS WHITE, also known as CUVALIS SIMMONS WHITE,

Plaintiff,

- v -

ISABELLA GERIATRIC CENTER, INC., ABC CORPORATION, and ABC PARTNERSHIP

Defendants.

-------------------------------------------------------------------------------X

INDEX NO.          153124/2022

MOTION DATE          10/15/2024

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86

were read on this motion to/for                                        DISMISS                                        .

In this action to recover damages, inter alia, for statutory nursing home negligence, medical malpractice, and wrongful death, the defendant Isabella Geriatric Center, Inc. (Isabella Geriatric), moves pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against on the ground that the complaint fails to state a cause of action. The plaintiff opposes the motion. The motion is granted, inasmuch as the complaint fails to state a cause of action against Isabella Geriatric by virtue of the immunity from civil liability conferred upon it by the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082; hereinafter EDTPA).

The plaintiff's decedent, Cuvalis White, was a resident of Isabella Geriatric from approximately July 2019 until her death on April 11, 2020. In her complaint, which she filed on April 11, 2022, the plaintiff alleged that Isabella Geriatric first became aware of the growing COVID-19 pandemic in or around January 2020, and that it failed to provide White with the appropriate care, or with customary nursing and rehabilitation services during her time

153124/2022   IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL
Motion No.  001

Page 1 of 7

there. The plaintiff further alleged that White contracted COVID-19 while at Isabella Geriatric, and that the facility failed to take the proper precautions to prevent and control the spread of infections, such as enforcing social distancing, restricting visitors, providing residents and staff with the proper personal protective equipment (PPE), and actively screening everyone that entered the building for COVID-19 symptoms. Finally, the plaintiff alleged that White died from COVID-19 as a result of Isabella Geriatric's failures.

In its motion, Isabella Geriatric argued that the complaint should be dismissed since EDTPA and New York Governor's Executive Order 202.10 each conferred immunity upon it from civil actions, such as the plaintiff's action here, since the claims relate to healthcare services that it provided in response to the COVID-19 pandemic. In opposition, the plaintiff argued that the EDTPA may not be invoked by the defendant since the act has since been repealed. The plaintiff also argued that the defendant has not conclusively established that the decedent's care was affected by their response to the pandemic within the meaning of EDTPA. In addition, the plaintiff claimed the EDTPA did not grant the defendant immunity from the Federal Nursing Home Reform Act (42 CFR Part 483). Finally, the plaintiff argued that her claims for gross negligence and recklessness are not subject to statutory immunity.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" *(511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id*. at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881 [2013]; *Simkin v Blank*, 19 NY3d 46 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.,* 41 NY3d 991, 993 [2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8 [2010]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc*., 10 AD3d 267 [1st

**153124/2022 IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL** Page 2 of 7
**Motion No. 001**

Dept 2004]; CPLR 3026).  "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]).  Where, however, the court considers evidentiary material beyond the complaint, as it does here, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*id*.).  Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity— are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]).

The complaint fails to state a cause of action, inasmuch as, under the circumstances of this case, EDTPA confers immunity upon Isabella Geriatric.

In March 2020, then-Governor Andrew Cuomo signed Executive Order No. 202 (9 NYCRR 8.202), declaring a disaster emergency in New York state, and Executive Order No. 202.10 (9 NYCRR 8.202.10), conferring, upon healthcare workers and facilities, immunity from civil liability for any injury or death alleged to have been sustained directly as a result of the provision of medical services in support of New York's response to the COVID-19 pandemic, except where such injury or death was caused by gross negligence or recklessness.  On April 3, 2020, the Legislature passed EDTPA, granting any healthcare facility or healthcare professional immunity from civil or criminal liability related to the care of patients with COVID-19, provided that:

> "the health care facility or health care professional is arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission occurs in the course of arranging for or providing health care services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support

**153124/2022   IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL**
**Motion No.  001**

Page 3 of 7

of the state's directives; and the health care facility or health care professional is arranging for or providing health care services in good faith"

(Public Health Law former § 3082[2]). The immunity did not apply where an act or omission constituted willful or intention criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm (*id*.). The EDTPA was effective retroactive to March 7, 2020, making it applicable to acts or omissions that occurred on or after that date. On April 6, 2021, the legislature repealed the EDTPA, with the repeal to take effect immediately.

With respect to the issue of whether the repeal of the EDTPA was retroactive, thus negating statutory immunity for acts or omissions between March 7, 2020 and April 6, 2021, the courts have determined that it is not (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d 475, 477 [1st Dept 2024] [finding that, not only did the statutory text employ no retroactivity language, but many other factors required to be considered to determine whether a statute is retroactive also were not applicable]; *Whitehead v Pine Haven Operating LLC*, 222 AD3d 104, 107 [3d Dept 2023] [determining that both the text of the statute and the legislative history of the repeal weighed against a retroactive application]; *Ruth v Elderwood At Amherst*, 209 AD3d 1281, 1287 [4th Dept 2022] [finding that the expressions of the legislative intent were insufficient to show that the repeal was meant to apply retroactively]).

The court thus concludes that, pursuant to EDTPA, Isabella Geriatric is entitled to immunity from the claims asserted by the plaintiff here. With respect to the criteria articulated by EDTPA, it is evident that Isabella Geriatric was arranging for, or providing health care services to, White within the meaning of that statute, and was doing so in good faith. The court further concludes that the treatment of White indeed was affected or impacted by those of Isabella Geriatric's medical and nursing determinations or activities that had been made in response to, or as result of, the COVID-19 outbreak, and that those determinations and activities had been made in response to, as result of, or in support of the State's COVID-19 directives. The statute does not indicate that the "treatment of the individual" must be impacted

**153124/2022  IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL**
**Motion No.  001**

Page 4 of 7

one way or another, that is, it does not specify that the treatment be affected positively, negatively, or otherwise, it does not require the patient to have been uniquely impacted as compared to other patients, and it does not identify any particular aspect of, or assign weight to, any aspect of the treatment that must be impacted by such determinations and activities (*see Holder v Jacob*, 231 AD3d 73, 85 [1st Dept 2024]).

In showing that its treatment of White was impacted by COVID-19, and by its determinations and activities addressed thereto, Isabella Geriatric submitted its COVID-19 policies, New York State Department of Health advisories, letters sent to patients' families, a certified copy of White's medical records, and the affidavit of Christina Young, R.N., who was one of its nurse managers during the pandemic, detailing the impact that the pandemic had on the care specifically provided to White during that time. These submissions established the very entitlement to immunity that the EDTPA was meant to provide (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 477; *Whitehead v Pine Haven Operating LLC*, 222 AD3d at 110; *Martinez v NYC Health & Hosps. Corp.*, 223 AD3d 731, 732 [2d Dept 2024]; Top of Form*Mera v NY City Health & Hosps. Corp.*, 220 AD3d 668, 670 [2d Dept 2023]; *see also Holder v Jacob*, 231 AD3d at 88 ["where, as here, the CPLR 3211(a)(7) motion is predicated on what is asserted to be a complete defense, and that motion is supported by evidence, the evidence of the defense must be *conclusive*"]; *but cf. Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc.*, 228 AD3d 618, 619 [2d Dept 2024] [finding that the defendant's submission did not establish that the three requirements for immunity were met]).

Additionally, the plaintiff argued that her claims for gross negligence and recklessness were not subject to statutory immunity. The decedent's medical records, the COVID-19 policies, and the Department of Health advisories negated such claims for gross negligence (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 479) and, hence, with respect to the allegations of gross negligence, a fact alleged to be a fact by the plaintiff is not a fact at all. Additionally, the plaintiff's allegation that the defendant received 21 citations between 2018 and 2022 "for

**153124/2022   IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL**                    **Page 5 of 7**
  **Motion No.  001**

5 of 7

violations of public and safety health codes" does not sufficiently support a gross negligence claim (*see id*.).  In any event, allegations purporting to support a gross negligence claim that are devoid of factual specificity and replete with legal conclusions cannot survive dismissal (*see Lociero v Park Avenue Operating, LLC* [Sup Ct, Nassau County, Index No. 615904/2022, Sep. 26, 2023], citing *Godfrey v Spano*, 13 NY3d at 373).  Thus, the gross negligence exception is not applicable, and Isabella Geriatric is entitled to immunity under EDTPA.

Finally, contrary to the plaintiff's contention regarding a purported violation of 42 USC §§ 1396(r), *et seq.* and 42 CFR Part 483, EDTPA does not unlawfully preempt the cause of action under any federal statute.  Rather, EDTPA does properly preempt a state law cause of action under Public Health Law § 2801 even though the violation of those federal statutes and regulations may be a predicate for a cause of action pursuant to that state statute.  In other words, EDTPA immunizes the defendants for liability under state law.  Hence, Isabella Geriatric is entitled to immunity under the EDTPA with respect to this claim as well.

With respect to the defendants denominated as "ABC Corporation" and "ABC Partnership," the plaintiff made no showing of any efforts that she made to identify these fictitious defendants.  Since they were never identified, the plaintiff is precluded from relying on CPLR 1024 to maintain this action against those parties (*see generally Fountain v Ocean View II Assocs., L.P.*, 266 AD2d 339 [2d Dept 1999]), and the complaint must be dismissed as against them.

This court has considered the parties' remaining contentions and find them unavailing.

Accordingly, it is,

ORDERED that the motion of the defendant Isabella Geriatric Center, Inc., to dismiss the complaint insofar as asserted against it is granted, and the complaint is dismissed insofar as asserted against it; and it is further,

ORDERED that, on the court's own motion, the complaint is dismissed insofar as asserted against "ABC Corporation" and "ABC Partnership"; and it is further,

**153124/2022   IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL**        **Page 6 of 7**
**Motion No.  001**

ORDERED that the Clerk of the court shall enter judgment dismissing the entirety of the complaint.

This constitutes the Decision and Order of the court.

| 1/7/2025 | | |
|----------|--|--|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|------------|-------|---------------|---|----------------------|---|---|
| | **X** | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**153124/2022   IRISH, ANGELINA vs. ISABELLA GERIATRIC CENTER, INC. ET AL**
**Motion No.  001**

**Page 7 of 7**

7 of 7